IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MOHAMED HASSAN,                      )
                                     )
            Petitioner,              )
                                     )
     v.                              )    1:25CV802
                                     )
KRISTI NOEM, et al.,                 )
Secretary of the Department          )
of Homeland Security ("DHS"),        )
                                     )
            Defendants.              )
```

**ORDER**

On September 11, 2025, the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). (Docs. 2, 3.) Petitioner objected to the Recommendation. (Doc. 4.)

The court has reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination in accord with the Magistrate Judge's report. The court finds that the objections do not alter the substance of the Magistrate Judge's Recommendation, and the court therefore adopts the Recommendation.

In his objections, Petitioner advances two arguments for why he contends the Magistrate Judge erred in concluding that the present district is not the proper venue for the petition. First, he argues that "traditional venue principles" as "articulated in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484

(1973), and reinforced by 28 U.S.C. § 1391(e), establish the Middle District of North Carolina ('MDNC') as the appropriate forum." (Doc. 4 at 1-2, 3-5.)  But the federal habeas statute has its own venue provision, which requires that the petition be filed in the jurisdiction of custody.  28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.")  As the Recommendation correctly notes, courts, including the United States Court of Appeals for the Fourth Circuit, interpret this provision to require that petitions under § 2241 be filed in the judicial district where a petitioner is confined at the time of filing.  Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) ("A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent, and must file the habeas petition in the 'district of confinement.'") (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).

Moreover, Braden has been limited to its facts.  See Padilla, 542 U.S. at 438 ("Under Braden, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.' But nothing in Braden supports departing from the immediate custodian rule in the traditional context of challenges to present

2

physical confinement.") (citations omitted). Even after <u>Braden</u> and as noted above, the Fourth Circuit has reiterated the ordinary rule for habeas filings. See <u>Kanai</u>, 638 F.3d at 255.

Second, Petitioner argues that the "unknown custodian exception" alternatively applies. (Doc. 4 at 2, 5-6.) It does not. To advance this argument, Petitioner relies on <u>Suri v. Trump</u>, No. 25-1560, 2025 WL 1806692, ___ F.4th ___ (4th Cir. July 1, 2025), where the court excused the petitioner from filing his action in the district of confinement because the record indicated that the government took steps to evade identification of the location where the petitioner was being held and the identity of the custodian. Here, by contrast, Petitioner was in the custody of the Defendants at the Folkston ICE Processing Center in Folkston, Georgia, at the time of the filing of his petition. (<u>See</u> Doc. 1 at 3.) He has by all appearances remained there for several months while deportation proceedings (at which he was represented by counsel) have occurred. (<u>See</u> Doc. 4-1 at 4.) There is no allegation that the Government transferred him there in an effort to frustrate the filing of a habeas petition or has taken any action to obscure the identity of the custodian. For these reasons, the proper venue for habeas jurisdiction is the district of confinement, which, as of the last indication on this record, is the Southern District of Georgia. For these reasons,

IT IS THEREFORE ORDERED that this action is DISMISSED without

prejudice to it being re-filed in Petitioner's district of confinement at the time of re-filing.

                                                  /s/   Thomas D. Schroeder
                                              United States District Judge

January 14, 2026